LYMAN WETHERELL *vs.* THE TOWN OF NEWINGTON.

Hartford District, Jan. T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, Js.

The defendant town instructed its selectmen to open and grade as a part of the highway a strip of land in front of the plaintiff's dwelling house, which he claimed as his private property and on which trees and shrubs were growing. The selectmen were proceeding to do this, acting solely under the instructions. No lay-out of this part of the highway was shown, but it was claimed to have been established by dedication. An old fence had stood between the strip in controversy and the plaintiff's house for over forty years. The plaintiff brought a suit for an injunction against the town. The court below found that the strip was the property of the plaintiff free from the public easement, and granted the injunction. Held—.

1. That the court did not err in not holding, as matter of law, that the old fence was to be taken as the line of the highway, as dedicated, the question being wholly one of fact.

2. That the injunction was properly issued against the town, since the selectmen, though agents of the law in removing nuisances from highways, were yet the agents of the town and acting solely under its vote in attempting to commit the trespass threatened.

3. That the court below having found that the acts threatened would, if committed, work irreparable injury, it was a proper case for an injunction.

[Argued January 7th—decided February 5th, 1886.]

SUIT for an injunction against the removal of trees and fences and the appropriation of land for a highway; brought to the Court of Common Pleas of Hartford County, and heard before *Calhoun, J.*

The judgment rendered embraced the following finding:— The court, having heard the parties, finds the issues for the plaintiff, except as to the western boundary of the land described in said complaint, and also finds that the plaintiff is the owner in fee simple, free from any public easement, of the following described piece of land, with buildings thereon, situated in said town of Newington, namely: bounded north by an old highway and land of Elisha Whaples, east on land of Edward Wetherell, south on the highway; that part of the west boundary running northerly from the wood shop standing on the land of the plaintiff, being as follows, [describing it,] said line being west of a row of maple trees standing on the plaintiff's land; the above described piece of land being the same land described in said complaint, except as to the portion of the west boundary thereof which is above described.

The court made the following separate finding:—The plaintiff became the owner of the premises described in the complaint on May 4th, 1859, by deed from Charles S. Francis. Prior to 1807 a highway, by the dedication of the former adjoining proprietor, existed in front of and west of the premises, which, running from the south, past the plaintiff's present premises, at the northern end thereof turned and ran westerly. A highway also existed by dedication, on the north side of the premises, which led to the house of Elisha Whaples and to Cedar Mountain. This highway was sold by the town in 1817, and that part of the same which ad-

joined the plaintiff's land was sold to said Whaples, and thereafter the highway was closed up by the town and abandoned.

The eastern limits of the highway in front and west of the premises was and is west of a row of maple and other trees standing on the land of the plaintiff, and is the same line described in the judgment file as being the west boundary of the plaintiff's land free from any public easement.

In 1807 the County Court passed a decree establishing a highway west of this highway and running through the land of Jemima Welles.

At the time of the purchase of the premises by the plaintiff the remains of an old fence existed thereon, which was situated about one rod back of the row of maple and other trees, and extended nearly across the premises in a substantially straight line. This fence, or one in the same line, had stood for more than forty years, but the evidence did not disclose when it was first erected; which old fence was about six and one half feet east of the line of the highway fences of the adjoining proprietors on the south. This fence was removed by the plaintiff in the year 1868.

Between this line of fence and the eastern limits of the highway, as defined by this court, the ground has always been occupied by the plaintiff and his predecessors as far back as the testimony extended, by setting out fruit and ornamental trees and by other trees and shrubbery, and the surface of the ground and the character of the occupation have been such as to make it impracticable for the public to use it as a highway, and it has never been dedicated to or used by the public for highway purposes, and it is not needed for the convenient use of the highway.

The town of Newington at a legal town meeting held on the 7th of September, 1885, passed the following votes:—

" *Voted,* That the selectmen be instructed to fence in the green in front of the premises of Lyman Wetherell, leaving a roadway on the north and east sides, and to grade the ground and set out ornamental trees, as they may deem best, for the purpose of making a public park.

" *Voted,* That the road north of the park be forty feet wide, and east of the park two rods wide from the street line in front of Wm. Hubbard's.

" *Voted,* That the selectmen be instructed to proceed at once to carry out the foregoing votes."

The selectmen of the town, claiming to act solely under the authority of these votes, threatened and were about to enter upon the plaintiff's land described in the judgment file, and upon which stands the row of maple and other trees, for the purpose of grading the same, and of doing anything thereon that might be necessary to be done to make a park and roadway, according to the votes of the town, including the removal of so many of the trees as might be found necessary for the purpose and the digging up of the ground, and for the purpose of appropriating the same for the uses of a park and roadway, and so informed the plaintiff; but their present intention is to remove only one apple tree; which threatened acts, if permitted to be done, would cause irreparable injury to the plaintiff.

Upon the trial of the cause the defendant claimed as matter of law upon the above facts—1. That relief by way of an injunction was not the proper remedy. 2. That no injunction should be adjudged against the town of Newington because the selectmen of the town did not act in the premises as agents of the town, but as agents of the law solely. 3. That the old fence conclusively determined the limit of dedication for highway purposes, and defined and marked the eastern bound of the highway in front of and west of the premises of the plaintiff. The court overruled these claims and rendered judgment for the plaintiff. The defendant appealed.

*R. Welles,* for the appellant.

1. An injunction is not the proper remedy. The main question was, whether the strip of land in question was subject to the public easement as a part of the highway. The title itself is not in question. The whole trouble has arisen from the illegal act of the plaintiff in setting his fence out

upon the highway and claiming a part of it by adverse possession. The question is purely a legal one. 1 Story Eq. Jur., § 616 ; *Wolcott* v. *Robbins*, 26 Conn., 236. The court will not interfere by injunction where the plaintiff's right is a doubtful one. *Roath* v. *Driscoll*, 20 Conn., 533 ; *Falls Village Water Power Co.* v. *Tibbits*, 31 id., 168. Besides, the court is really discontinuing a highway, which the Court of Common Pleas has no power to do. And the defendant is entitled to a trial of the questions involved by a jury. ELLSWORTH, J., in *Roath* v. *Driscoll*, 20 Conn., 539. Besides, the proposed acts of the selectmen were official, in the exercise of their control over highways, and ought not to be interfered with where pecuniary compensation can be awarded by a court of law if these acts should be held to be illegal. *Fellows* v. *City of New Haven*, 44 Conn., 250 ; *Benjamin* v. *Wheeler*, 8 Gray, 413 ; *Cross* v. *Mayor &c.*, 3 C. E. Green, 305 ; *Taintor* v. *Mayor &c.*, 4 id., 46 ; High on Injunctions, § 404. Injunctions will be granted only in cases of irreparable injury. *Rowland* v. *First School District*, 42 Conn., 31 ; *Hawley* v. *Beardsley*, 47 id., 571. And in the contemplation of the statute no damage from the taking of land for a highway is irreparable. Gen. Statutes, p. 235, sec. 28.

2. An injunction could not properly be adjudged against the town, because the selectmen were acting as agents of the law and not of the town. Gen. Statutes, p. 236, secs. 30, 33 ; id., p. 253, sec. 2 ; *Tomlinson* v. *Leavenworth*, 2 Conn., 272 ; *Willard* v. *Killingworth*, 8 id., 254 ; *Torrington* v. *Nash*, 17 id., 197 ; *Abendroth* v. *Greenwich*, 29 id., 362 ; *Simmons* v. *Stratford*, 30 id., 288 ; *Booth* v. *Woodbury*, 32 id., 124. The vote of the town could not affect the case. 2 Dillon's Mun. Corp., §§ 767, 772 ; *Whitlock* v. *West*, 26 Conn., 406 ; *Gregory* v. *Bridgeport*, 41 id., 86 ; *Anthony* v. *Adams*, 1 Met., 286 ; *White* v. *Phillipston*, 10 id., 110 ; *Barney* v. *Lowell*, 98 Mass., 570 ; *Eastman* v. *Meredith*, 36 N. Hamp., 284 ; *Smith* v. *Rochester*, 76 N. York, 509.

3. The court erred in not holding that the old fence conclusively determined the limit of dedication for highway

purposes and marked the eastern boundary of the highway. The dedication was long prior to the decree establishing the highway, as it is spoken of in that decree as an "old highway." The plaintiff occupied the premises for nine years, until 1868, with this old fence undisturbed. He then removed it. So that in 1868 this old fence had been the practical boundary in front of the plaintiff's premises for forty-nine years, and how much longer did not appear. The marks of the old stone wall are still plainly visible, making its present age at least sixty-seven years. This old landmark, after this long period of years, should have been held by the court to conclusively mark the boundary between the old homestead and the old highway.

*A. F. Eggleston,* for the appellee.

PARK, C. J. The parties were at issue in this case as to whether a certain strip of land, upon which the selectmen of the defendant town were about to enter and grade it as a part of a public highway, was in fact a part of such way, or belonged to the plaintiff as his private property.

In deciding the question the court used the following language:—"The court having heard the parties, finds the issues for the plaintiff, except as to the western boundary of the land described in the complaint, and also finds that the plaintiff is the owner in fee simple, free from any public easement, of the following described piece of land, with the buildings thereon, situated in the town of Newington." Then follows a description of the tract of land, which includes, it is conceded, the strip of land in controversy.

In the finding of facts the following statement appears with regard to this strip of land:—"The ground has always been occupied by the plaintiff and his predecessors as far back as the testimony extended, by setting out fruit and ornamental trees and by other trees and shrubbery, and the surface of the ground and the character of the occupation have been such as to make it impracticable for the public to use it as a highway, and it has never been dedicated to or

used by the public for highway purposes, and it is not needed for the convenient use of the highway."

These findings would seem to dispose of the defendant's claim, that the strip of land was a part of the public highway.

But it appears in the case that the highway adjoining the plaintiff's premises on the west runs nearly north and south, and that the strip of land in controversy lies along the easterly side of the highway as it passes the plaintiff's premises. On the easterly side of the strip of land there were the remains of an old fence running north and south by the premises of the plaintiff and parallel to the highway, that had stood there, or one like it at the same place, for a period of forty years. On the trial of the cause in the court below the defendant asked the court to rule, as a matter of law, that the old fence was on the eastern boundary of the highway along the plaintiff's premises; constituting, as the highway was dedicated, the eastern line of the dedication, leaving all outside of the old fence to fall into the highway. The court did not so rule, and the omission is made the ground of error in this court.

Manifestly it cannot be said, as matter of law, that the old fence afforded conclusive evidence that it was coincident with the line of the highway as dedicated, although it may be from its location strong evidence of the fact. The question was one of fact for the court to determine, and not one of law.

The defendant further requested the court to rule " that no injunction should be adjudged against the town of Newington, because the selectmen of the town did not act in the premises as agents of the town, but as agents of the law only."

The court finds that the selectmen claimed to act solely under the authority of votes passed by the town. But, however it may be in certain cases that the selectmen of towns act for the public in removing nuisances from highways, still they never act for the public in committing tres-

passes upon private property, which, according to the finding, would have been the legal effect of the acts threatened.

Again, the defendant claimed, and requested the court to rule, "that relief by way of injunction was not the proper remedy."

But the court has found that the threatened acts of the defendant "if permitted to be done, would cause irreparable injury to the plaintiff." We think there is no foundation for this claim. It is every day's practice to grant injunctions to restrain the commission of injuries to real estate, in cases where the injuries would be irreparable if committed.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.